IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIYODA GRAVURE CO., LTD | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  06-CV-3916 |
| CHIYODA AMERICA, INC., ET AL. | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                         MAY 2, 2007

Before the Court are defendants' motions to dismiss or stay this matter pending the

outcome of litigation in Japan.  The matter has been fully briefed and the Court held oral

argument.  The Court will grant the motion in part and deny it in part, placing the matter in

suspense in lieu of dismissal.

**Facts & Procedure**

This action arises out of a series of allegedly fraudulent transactions whereby defendant

John Sato gained control of Chiyoda America, Inc. ("CAI"), a subsidiary of plaintiff Chiyoda

Gravure.  Plaintiff initiated a declaratory action in Japan in February 2005 seeking a judgment

that Sato's transactions were fraudulent.  Plaintiffs ask the Court here to order defendants to

agree not to encumber CAI with any debt, to appoint an ad hoc three person committee to run

CAI, and to suspend Sato's salary.[1]  Plaintiffs have not sought this relief in the Tokyo District

Court.  The parties have also been unable to agree on a standstill agreement, in part because Sato

_____

[1] Plaintiff has styled its complaint as an action seeking declaratory relief under 28 U.S.C. Section 2201, where the relief sought is an injunction requiring CAI to enter in the agreement described above.  Although the complaint seeks a temporary restraining order, preliminary, and permanent injunction, it appears what plaintiffs seek is in the nature of a preliminary injunction.

is unwilling to agree to give up his salary and turn over control of CAI to an ad hoc committee.

## Analysis

The doctrine of international comity allows a district court to exercise its discretion and dismiss a case over which it has subject matter jurisdiction in deference to the laws of another nation.  See, e.g., Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. for the So. Dist. of Iowa, 482 U.S. 522, 543 n.27 (1987).  A district court may decline to extend comity where its effect would be contrary to United States public policy, see Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, 44 F.3d 187, 191 (3d Cir. 1994), or where the proceedings at issue are neither duplicative nor parallel.  See Lexington Ins. Co. v. Forrest, 263 F. Supp.2d 986, 1002 (E.D. Pa. 2003).

Plaintiffs have put forth no reason why deferring to the Japanese action would be contrary to the interests of the United States.  Although it is true that the United States generally has an interest in protecting the rights of businesses incorporated within its borders, the plaintiff in this matter is a Japanese company alleging harms perpetrated in Japan.  See Hay Acquisition Co. v. Schneider, 2005 WL 1017804, at *14 (E.D. Pa. Apr. 27, 2005) (exercising the international comity doctrine where the dispute involved a United States business, a German business, and harms allegedly perpetrated solely in Germany).

The Court also finds that this suit is parallel and duplicative to the Japanese proceeding.  A lawsuit is parallel to another lawsuit where "substantially all the same parties are contemporaneously litigating substantially the same issues in another forum."  Parasachos v. YBM Magnex Int'l, Inc., 2000 WL 32595, at *5 (E.D. Pa. Mar. 29, 2000) (internal citations omitted).  The cases need not be identical, but rather "the issues must be sufficiently similar, in

that there must be a substantial likelihood that the [foreign] litigation will dispose of all claims presented in the federal case." Id. (internal citations and quotations omitted).

The parties in this matter are substantially similar.  Both cases involve Chiyoda Gravure and John Sato, and while CAI is not a party to the Japanese matter, Sato's participation in that proceeding effectively joins CAI because Sato is CAI's controlling shareholder and CEO.  The issues being litigated are also substantially the same:  whether Sato fraudulently took control of CAI.  Although this matter seeks preliminary injunctive relief, the Court cannot grant such relief without making a determination of the likelihood of success on the merits.  See, e.g., Doran v. Salem Inn, 422 U.S. 922, 931 (1975).  Moving forward with this case would thus require some judgment concerning the validity of the transactions at issue, and risk "duplicative and piecemeal litigation."  Hay Acquisition, 2005 WL 1017804, at *13.

The "existence of a 'parallel' case, however, need not compel dismissal."  Lexington Ins., 263 F. Supp.2d at 1002.  The Court will instead place the case in suspense.  This will allow the parties to return to this Court should relief in this forum become necessary, whether it be to enforce an order from the Tokyo District Court, enforce the terms of a standstill agreement, or otherwise.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHIYODA GRAVURE CO., LTD | : | |
|---|---|---|
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  06-CV-3916 |
| CHIYODA AMERICA, INC., ET AL. | : | |
| | : | |
| Defendants | : | |

**<u>ORDER</u>**

AND NOW, this 2nd day of May, 2007, after oral argument, it is hereby ORDERED that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Clerk of Court is directed to place this matter in CIVIL SUSPENSE.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.